OPINION OF THE COURT
Edmund L. Shea, J.
This is a CPLR article 78 proceeding. Petitioner is an *624 inmate at Clinton Correctional Facility. The petition is brought to challenge the procedure employed at a tier III disciplinary hearing, as a result of which petitioner was found guilty of possession of a weapon, assault, and destruction of State property.
The matter has taken some time, and effort on behalf of the attorneys for both parties, to come to fruition. Petitioner is fluent in Spanish and speaks very little English. In order to fully examine the matter, the court needed to garner translations of the hearing from both sides.
From a review of the transcripts, the court concludes that several prejudicial events occurred.
First, a discrepancy is evident at a key portion of the hearing transcript. At pages three and four of respondents’ translation (including the yellow sheet) the following appears: "welch: (contd.) * * * Evidence will be the written report, will be testimony from witnesses that you wish and from witnesses that are necessary such as the officer. Ah, any time that you wish to ask questions, please feel free to do so.
"lopez: (speaking Spanish) See Attached Sheet.
"lopez: (speaking Spanish). Yo le voy a preguntar. Yo le voy a leer primero el reporte en ingles, después, el Oficial Lopez leira en español. A cual tiempo le preguntaremos si usted se encuentra culpable o inocente de los calgos. Después que usted ha dicho si se encuentra culpable o no culpable de los calgos, yo le dare el tiempo a usted suficiente para explicarse. En cual tiempo, si usted necesita todavía los testigos averiguaremos cuales son los mas necesarios de los del grupo.
"Translation * * * I’m going to ask * * * I’m going to first read the report in english, and then, Officer Lopez will read it in Spanish. At which time, we will ask you if you plead guilty or innocent of the charges. Later, once you have stated whether you are guilty or not guilty of the charges, I will give you enough time to give any explanations. At which time, if you still need the witnesses, we will find out who are the most necessary ones from the group.”
At page six of petitioner’s translation appears the following:
"welch: (cont’d.) * * * Evidence will be the written report, will be testimony from witnesses that you wish and from witnesses that are necessary such as the officer. Ah, any time that you wish to ask questions, please feel free to do so.
"officer lopez: (translator) Yo le voy a preguntar a, yo voy *625 a leer primero el reporte en ingles, despues el oficial Lopez lo leerá en español a cuñal tiempo le preguntaremos si usted se encuentra culpable o inocente de los cargos. Después que usted a dicho si se encuentra culpable o no culpable de los cargos yo le dare tiempo a usted suficiente para explicarse al cual tiempo si usted necesita todavía los testigos averiguaremos cuales son los mas necesarios de los, del grupo, entendido?
"Translation * * * I am going to ask, I am going to read to you first the English version, then officer Lopez will read it in Spanish. At that time we will ask you if you find yourself guilty or innocent of the charges. After you have said if you find yourself guilty or not of the charges, I will give you sufficient time to explain yourself. At that time if you still need the witnesses, we will investigate which ones are most necessary of the group. Understood?” (Emphasis added.)
This translation discrepancy is in and of itself not a major concern. However, if either translation is correct, the mistranslation which occurred, when viewed in light of another error, cumulate to demonstrate prejudice against this Spanish speaking inmate.
The second error, which is ominously foreshadowed in the mistranslation noted above, was the hearing officer’s direction that only the inmate’s "best witness” would testify. Without in camera interviews to determine the content of their testimony, and without consulting the inmate’s employee assistant as to the contents of his ever so brief interviews with the four proposed witnesses, the hearing officer denied petitioner his right to elicit testimony from three of them. From the record, and from respondents’ answer, the court gathers that the hearing officer’s position was that the testimony of these witnesses would duplicate that of Medina, the one defense witness allowed to testify. No written statement to that effect has been produced. Nor was the inmate informed orally that his witness requests were denied on the grounds of redundancy. Although violation of the written statement rule in 7 NYCRR 254.5 (a) may be a purely technical error, when combined with a failure to state the reason on the record and a translation error, prejudice results. The Spanish speaking inmate had no indication of any reason why his witness requests were denied except so much of an explanation as he may have gathered from the mistranslated direction that the hearing officer would pick the "most necessary of the group.”
Finally, the court finds no logic in respondents’ argument *626 that mitigation testimony is irrelevant when an inmate pleads not guilty. Alternative pleading is a thoroughly acceptable procedure. Mitigation is a factor to be considered by the hearing officer when determining the sentence. Hence, the hearing officer’s limitation of the witness Medina’s testimony was too restrictive. The witness should have been allowed to speak to the issue of mitigation.
Contrary to the hearing officer’s statement, "We have rules. We have due process and we have procedures,” (a statement which, together with many others, was not translated for the inmate) a review of this hearing leads to the conclusion that although rules, due process and procedure may exist, they were not afforded to petitioner.
Petitioner’s specific requests for relief are all granted.